# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 05-1135


## STATE IN THE INTEREST OF

## J.W.D., JR.


**********

## APPEAL FROM THE
## SIXTEENTH JUDICIAL DISTRICT COURT
## PARISH OF IBERIA, NO. 05-J-86
## HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

**********

## JAMES T. GENOVESE
## JUDGE

**********

Court composed of Jimmie C. Peters, J. David Painter, and James T. Genovese, Judges.

### ADJUDICATION REVERSED; DISPOSITION VACATED.


**Marcus Anthony Allen, Sr.**
**A Professional Law Corporation**
**840 S. Washington Street**
**Lafayette, Louisiana 70501**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **J.W.D., Jr.**

**Honorable J. Phillip Haney**
**District Attorney**
**Sixteenth Judicial District Court**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**GENOVESE, Judge.**

The family of Juvenile, J.W.D., Jr., was adjudicated a family in need of services, and the court committed J.W.D., Jr. to the Office of Youth Development until his eighteenth birthday. The commitment was suspended with J.W.D., Jr. being placed on supervised probation for the term of his commitment with custody to his caretaker, S.E., subject to various conditions. J.W.D., Jr. appeals claiming his adjudication should be reversed. For the following reasons, we reverse the judgment of adjudication and vacate the judgment of disposition.

## FACTS

The State of Louisiana filed a petition alleging that the family of S.E., caretaker of J.W.D., Jr., was a family in need of services under the provisions of La.Ch.Code art. 730, specifically, that J.W.D., Jr. was "ungovernable." An adjudication hearing was held, and the court found J.W.D., Jr. was a member of a family in need of services. J.W.D., Jr. was committed to the Office of Youth Development until his eighteenth birthday, but the commitment was suspended, and he was placed on supervised probation for the term of his commitment with custody to S.E. subject to certain conditions.

## ERRORS PATENT

After reviewing the record, we have found one error patent involving the petition filed against J.W.D., Jr. With regard to form, La.Ch.Code art. 749 provides in part:

> A. The petition shall set forth with specificity:
> (1) The name, date, and place of birth, sex, race, address, and present location of the child.
> (2) The name, age, sex, race, and current address of the child's parents and caretakers.

1

. . . .

> B.  If any of the information required by Paragraph A of this Article is unknown, the petition shall so allege.  Any defects in the allegations required by Paragraph A of this Article shall be considered defects of form.

The petition filed in the present case fails to allege J.W.D., Jr.'s place of birth, sex, race, address, and present location.  Additionally, although the petition alleges the name of a parent and/or caretaker of J.W.D., Jr., the petition fails to allege the parent and/or caretaker's age, sex, race, and current address.

Although the omission of the above information constitutes a defect in the petition, the defect is as to form only.  *See* La.Ch.Code art. 749(B).  With regard to a defect as to form, the preceding article, La.Ch.Code art. 748(D), provides:

> Failure to comply with formal requirements of this Article shall not be grounds for dismissal of a petition or invalidation of the proceedings unless it results in substantial prejudice.

Applying the same precept to the requirements of La.Ch.Code art. 749, we find J.W.D., Jr. has alleged no prejudice as a result of the petition's failure to contain the information set forth above.  Thus, the defects in the petition are harmless.

## ASSIGNMENT OF ERROR

J.W.D., Jr. contends that the State charged him under the incorrect section of La.Ch.Code art. 730.  The petition alleged that J.W.D., Jr. was "ungovernable" pursuant to La.Ch.Code art. 730(2).  Louisiana Children's Code Article 728(5) defines "ungovernable" as "the child's habitual disregard of the lawful and reasonable demands of his caretakers and that the child is beyond their control."  "Caretaker" is defined in La.Ch.Code art. 728(1) as "any person providing a residence for the child or any person legally obligated to provide or secure adequate care for the child, including a parent, tutor, guardian, or legal custodian."  J.W.D., Jr. argues that the term "ungovernable" does not encompass a child's conduct at school and, as such, the

2

trial court's ruling should be overturned.

At the adjudication proceeding, the State bore the burden of proof by a preponderance of the evidence. *See* La.Ch.Code art. 770. To prove its case, the State presented the testimony of Roger Hamilton, the supervisor of Child Welfare and Attendance for the Iberia Parish School Board. Mr. Hamilton's testimony focused on J.W.D., Jr.'s misconduct while at Westgate High School and in the In-School Suspension Program, which led to J.W.D., Jr. being placed at Lee Street Alternative School.

John Killgore, the principal of Lee Street Alternative School, was called as a witness for J.W.D., Jr. Mr. Killgore testified regarding J.W.D., Jr.'s good behavior as well as his misconduct while at Lee Street Alternative School.

S.E., J.W.D., Jr.'s aunt and legal guardian, testified at the adjudication proceeding in support of her nephew. Her support was apparent from her testimony regarding her active role in ensuring fair treatment for her nephew at school.

At the close of the proceeding, the court determined that J.W.D., Jr. was a member of a family in need of services. At the commencement of the disposition hearing, J.W.D., Jr.'s counsel argued that a school does not fit within the definition of a "caretaker." The trial court disagreed, stating:

> The caretaker is a person who is providing adequate care for the child. That applies to school personnel during the time that they're enrolled in school. I think that would apply to school bus drivers when they're on the school bus. I think that would apply to anyone who is taking care of the child in the absence of the parent.

J.W.D., Jr. argues on appeal that the individuals listed in the definition of "caretaker" have a legal responsibility for the personal well-being and welfare of the child. It is his position that the State should have proceeded under subsection (1) of La.Ch.Code art. 730, that is, "[t]hat a child is truant or has willfully and repeatedly

3

violated lawful school rules."

The State argues on appeal that the responsibility for education of children rests with the parents and/or caretakers and that the State has an obligation to provide schools and instruction to fulfill that obligation. It is the State's position that J.W.D., Jr.'s behavior at school fits the definition of "ungovernable" in that the school authorities and personnel fall within the definition of "parent[s]/caretakers."

A literal reading of the term "caretaker," as defined in this section of the Children's Code, does not encompass school officials or personnel; further, La.Ch.Code art. 730(1) specifically covers willful and repeated violations of school rules. Though the State proved that J.W.D., Jr. willfully and repeatedly violated lawful school rules, we find that the State failed to prove that J.W.D., Jr. was "ungovernable" in accordance with the Louisiana Children's Code. Thus, we reverse the judgment of adjudication and vacate the judgment of disposition.

**ADJUDICATION REVERSED; DISPOSITION VACATED.**